## SAMUEL ARNOLD v. STATE.

No. A-3015.    Opinion Filed November 23, 1918.

(175 Pac. 947.)

INTOXICATING LIQUORS—Unlawful Intent to Sell—Evidence. In this case the court determines as a matter of law that the evidence as detailed in the opinion is insufficient to sustain the conviction.

*Appeal from County Court, Choctaw County;*
*W. T. Glenn, Judge.*

Samuel Arnold, convicted of a violation of the prohibitory law, appeals. Reversed.

*J. H. Warren,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. On information filed in the county court of Choctaw county, charging that Samuel Arnold, in said county on or about the 13th day of February, 1917, did have in his possession one quart of whisky bearing the label "Joel B. Frazier," with the unlawful purpose and intent to sell same, the plaintiff in error was convicted, and his punishment fixed at confinement in the county jail for six months and a fine of $500. He has appealed from the judgment entered upon such conviction.

The first assignment of error is that the verdict of the jury is not supported by sufficient evidence. The only testimony is that introduced by the state. It is as follows:

Ben Fitzgerald testified:

"I am sheriff of Choctaw county. On the 13th day of February, 1917, I went to the home of the defendant, Sam'

Arnold, and searched his house, and found one quart of whisky concealed in a box covered with a tow sack under the floor of the house and under a little trap door.   I had information he had whisky hid in this place."

Thereupon the state rested, and the defendant demurred to the evidence and requested the court to instruct the jury to return a verdict of not guilty.   Which request was overruled; exception reserved.

The defendant may be guilty as charged, but there is not sufficient evidence to authorize his conviction under the law.   There is no testimony tending to show the unlawful intent to sell, and for this reason the court should have sustained the motion to direct a verdict of acquittal.

The judgment appealed from is therefore reversed.

ARMSTRONG and MATSON, JJ., concur.